**Not for Publication**

United States District Court
for the District of New Jersey

| | |
|---|---|
| THOMAS P. KELLY, JR., <br><br> *Plaintiff*, <br> v. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, <br><br> and <br><br> THE PENN MUTUAL LIFE INSURANCE COMPANY <br><br> *Defendants*. | Civil No: 09-2478 (KSH) <br><br><br><br> **Opinion** |

**Katharine S. Hayden, U.S.D.J.**

      Before the Court is defendant Reliance Standard Life Insurance Company's motion to remand Thomas Kelly's claim for long-term disability to the plan administrator and Kelly's cross-motion for civil contempt sanctions. Central to the Court's resolution of these motions is a determination as to what has or has not already been considered by Reliance in its denial of Kelly's application for benefits—namely, whether Reliance only determined that Kelly was unable to perform his own "regular" occupation, or whether it also found that Kelly was unable to perform "any" occupation that his education, training and experience would otherwise allow. For the reasons that follow, Reliance's motion to remand is granted and Kelly's cross-motion for civil contempt sanctions is denied.

I.  **Background**[1]

Following a car accident that took place on November 7, 2005, Kelly applied for long-term disability ("LTD") benefits under a plan sponsored by his employer, Penn Mutual Life Insurance Company ("Penn Mutual"). Reliance processed the claim, and determined in a letter dated October 23, 2006 that Kelly was capable of performing the duties of his "regular occupation" and therefore not entitled to benefits under the policy. After the determination was upheld on final appeal, Kelly filed suit in this Court against both Reliance and his employer, Penn Mutual, claiming in part that Reliance's denial of benefits was arbitrary and capricious and that Penn Mutual had breached its fiduciary duties as co-fiduciary of the plan. The Court concluded on December 14, 2010 that the administrative record was deficient, that Reliance had relied on an incorrect definition of Kelly's occupation, that Penn Mutual provided an incorrect job description, and that Kelly had not been helpful in providing information during the claim processing. On that basis, the Court remanded the claim to Reliance and permitted Kelly to offer additional information supporting his claim.

Kelly gave Reliance a supplemental certification regarding his job description and, for the first time, claimed that his inability to perform the required duties of "*any occupation* [has] been further exacerbated by the onset and increase of chronic cardiac symptoms." (Kelly's SJ Br., Ex. B, Supplemental Cert. ¶ 51) (emphasis added). The difference between the modifiers, "regular" as opposed to "any," is significant. The "regular occupation" standard asks whether the claimant is capable of "perform[ing] the substantial and material duties of [his] regular occupation" and pays benefits for a period of 24 months. By contrast, disability benefits under the "any occupation" standard are due only where the claimant is incapable of performing the material duties of "any

---

[1]  This case has a long history before the Court. A full recitation of the facts underlying Kelly's claim for coverage appears in the written opinion dated December 22, 2011 [D.E. 106], which granted Kelly's cross-motion for summary judgment.

2

occupation …. that [his] education, training or experience will reasonably allow" and are paid to the claimant after expiration of the first 24 month period.

After remand by this Court, Reliance again considered Kelly's application and this time made note of his new claim for "any occupation" benefits—it referenced Kelly's contention that he purportedly was "physically unable to work in '*any occupation* that [his] education, training and experience would otherwise reasonably allow." (Kelly Br., Ex. A at 1, hereinafter "February Letter.")  But in defining "Total Disability" Reliance referred only to the extent to which Kelly was capable of "perform[ing] the substantial and material duties of [his] *regular occupation.*" Reliance then concluded that Kelly "fail[ed] to meet the Policy's definition of 'Total Disability' (quoted above), and as such, no benefits [would be] payable." (February Letter at 9.)

Kelly again challenged the denial before this Court.  And in an opinion dated December 22, 2011, the Court concluded that Reliance "conducted an inappropriately selective review of the evidence, placed unreasonable emphasis on the reports of consultants who never examined Kelly, chose not to use an IME, and failed to engage in a meaningful analysis of Kelly's material job duties."  The Court found that, taken together, this amounted to an arbitrary and capricious exercise of discretion in violation of ERISA and concluded that "Kelly [was] entitled to receive the LTD benefits owed to him under the Plan."

A dispute then arose about whether the Court intended for Kelly to receive LTD benefits under the "regular" or "any" occupation standard.  In a letter dated January 12, 2012, Reliance took the position that "benefits have been awarded during the 'own [or regular] occupation' period but Mr. Kelly's ongoing disability under the more stringent 'any occupation' standard beyond 24 months must be further investigated by Reliance Standard." (Reliance Reply Br., Ex. B.)  Counsel stated further that "[i]t is Mr. Kelly's position that benefits are to be paid to the present (for 68

months) pursuant to [the Court's order], despite the change in definition." (Reliance Reply Br., Ex. B.) According to counsel, this dispute ultimately precipitated the collapse of a proposed settlement of all claims, previously agreed to in principle on January 27, 2012. On September 26, 2014, approximately three months after the Court denied Kelly's motion to enforce the proposed settlement, Reliance paid to Kelly an amount equal to 24 months of benefits with pre- and post-judgment interest. (Reliance Reply Br., Ex. C ("Enclosed is Reliance Standard's check in the amount of $180,127.53 representing twenty-four (24) months of benefits with pre-judgment and post-judgment interest.")) The transmittal letter described how those benefits were calculated and advised Kelly of his right to appeal the decision. On November 7, 2014, Reliance filed the present motion to remand Kelly's claim for benefits for further consideration [D.E. 179]. Kelly filed his opposition and moved for civil contempt sanctions [D.E. 184] on December 6, 2014, contending that Reliance has failed to pay the benefits he believes were ordered by this Court's December 22, 2011 order.

**II.   Analysis**

Kelly takes the position that: (1) the Court has already, in its December 22, 2011 decision, determined he was entitled to LTD benefits under the "any occupation" standard; and (2) the amount of benefits already paid is insufficient even under the "regular occupation" definition. Reliance now moves to remand the "any occupation" issue for its review, arguing that Kelly failed to exhaust his administrative remedies. The Court agrees.

Reliance noted in the February Letter that Kelly claimed entitlement to "any occupation" benefits but, quite clearly, found only that he was not "Totally Disabled" as defined therein—*i.e.* that he was not incapable of "perform[ing] the substantial and material duties of [his] *regular occupation.*" The Court subsequently considered this decision and found it to be arbitrary and

4

capricious, but did not—as Kelly suggests—rule that Kelly was entitled to LTD benefits under the "any occupation" standard. The Court held only that Kelly was "entitled to receive the LTD benefits owed to him under the Plan." Read together with the remainder of the Court's opinion and the February Letter, it is beyond dispute that the Court's holding extended only to those claims Reliance had already considered—namely, Kelly's claim for benefits on account of his inability to perform the duties of his regular occupation.

Even if the Court had wished to go further and opine on Kelly's claim for benefits under the "any occupation" standard, it would have been powerless to do so. In *Pakovich v. Broadspire Services, Inc.*, 535 F.3d 601 (7th Cir. 2008), the district court considered the defendant insurer's denial of Pakovich's claim for benefits under the "own occupation" standard. The district court found that the insurer's determination was arbitrary and capricious, and then went on to conclude that Pakovich was not entitled to benefits under the "any occupation" standard. The Seventh Circuit vacated this latter ruling on appeal and found that, because the insurer "did not issue any decision on Pakovich's eligibility for disability benefits under the 'any occupation' standard," the district court was left "with nothing to review." *Id.* at 607. And although the district court "was able to piece together its conclusion that Pakovich was physically capable, and had the 'training, education and experience' to perform sedentary work, there was no decision by the Plan Administrator for the Court to review" and the record therefore was "not fully developed on this issue." The Seventh Circuit then "order[ed] that the district court remand the case to the Plan Administrator to determine whether Pakovich was eligible for disability benefits beyond [24 months] under the Plan's 'any occupation' standard." *Id.* at 607.

As in *Pakovich*, Reliance considered only the "regular" or "own occupation" standard of disability, and never determined whether Kelly was entitled to LTD benefits beyond 24 months

under the "any occupation" standard. No decision of this Court could have changed that. And because "[Reliance] has not issued a decision on a claim for benefits that is now before the [Court], the matter must be sent back to [Reliance] to address the issue in the first instance." *Id.* at 607. Reliance's motion for remand is therefore granted.

Kelly's cross-motion for civil contempt sanctions against Reliance is denied. To succeed, Kelly must demonstrate—by clear and convincing evidence—that (1) a valid court order existed; (2) defendant had knowledge of the order; and (3) defendant disobeyed the order. The Third Circuit has described this showing as a "heavy burden," and cautioned courts to hesitate in awarding civil contempt sanctions "when there is ground to doubt the wrongfulness of the conduct." *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982).

The basis for Kelly's motion is Reliance's alleged failure to comply with the December 22, 2011 opinion and order of the Court, which found Kelly was "entitled to receive the LTD benefits owed to him under the Plan." However, Kelly fails entirely to show how Reliance disobeyed any aspect of that decision and order. To the extent Kelly claims Reliance failed to comply in that it refused to pay LTD benefits beyond 24 months under the "any occupation" standard, the Court already has ruled herein that the December 22, 2011 order did not encompass such relief. And to the extent that Kelly relies on Reliance's alleged failure to pay the correct amount owed under the "regular occupation" standard, he provides the Court with no evidentiary basis for a finding of civil contempt. Kelly argues only that "[w]hen it finally did pay some of the benefits owed …, [Reliance] miscalculated the amount due for the specified benefit period …. and applied incorrect rates for pre and post-judgment interest that do not comply with the Court Rules." (Kelly Br. at 5, n.1) This falls well short of meeting Kelly's "heavy burden" here. Kelly's failure to support this

6

contention with competent, clear and convincing evidence—or any argument outside of a footnote—is fatal to his motion for civil contempt.

### Conclusion

For the foregoing reasons, defendant Reliance's motion to remand is granted and Kelly's cross-motion for civil contempt sanctions is denied.  An appropriate order will be entered.

|  |  |
|---|---|
| Date: May 28, 2015 | /s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J. |