**Not for Publication**

# United States District Court
# for the District of New Jersey

| | |
|---|---|
| THOMAS P. KELLY, JR., <br><br> *Plaintiff*, <br> v. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, <br><br> and <br><br> THE PENN MUTUAL LIFE INSURANCE COMPANY <br><br> *Defendants*. | Civil No: 09-2478 (KSH) <br><br><br><br> **Opinion and Order** |

**Katharine S. Hayden, U.S.D.J.**

     This matter comes before the Court on plaintiff Kelly's motion for reconsideration of this Court's May 28, 2015 order [D.E. 187].  The Court notes as follows:

- Kelly filed this action six years ago for disability income benefits under a plan that was offered by his employer, The Penn Mutual Life Insurance Company, and issued by Reliance Standard Life Insurance Company ("Reliance").  Reliance first denied Kelly's claim for benefits in October 2006, and again in February 2011 (the "February Letter") after this Court remanded Kelly's claim back to the insurer [D.E. 87].

1

- The February Letter noted that Kelly sought disability benefits under both the "regular occupation" and the "any occupation" standards. Reliance denied Kelly's claim under the former definition, and never reached a determination as to his eligibility under the latter. Kelly then reopened this action and moved for summary judgment on his claims in March 2011. In an opinion dated December 22, 2011, this Court found that the February Letter amounted to an "inappropriately selective review," and held that "Kelly [was] entitled to receive the LTD benefits owed to him under the Plan." [D.E. 106]. Reliance then paid Kelly $180,127.53 with pre- and post-judgment interest—an amount "representing twenty-four (24) months of benefits" under the "regular occupation" standard.

- Kelly maintains that this payment is insufficient. In his cross-motion for summary judgment filed on December 6, 2014, Kelly argued that (1) the Court determined in its December 2011 opinion that Kelly was also entitled to benefits under the "any occupation" standard; and (2) the amount of benefits already paid is less than what he is owed under the "regular occupation" definition. The Court denied Kelly's cross-motion and found that because Reliance never issued a decision on the "any occupation" benefits, the claim must be remanded back to the insurer. [D.E. 186]. Kelly now moves for reconsideration.

Having reviewed the parties' submission on this motion, and with good cause appearing, the Court concludes as follows:

- A motion for reconsideration filed pursuant to L. Civ. R. 7.1(i) is an "extremely limited procedural vehicle," *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000), and may only be granted where (1) an intervening change in the controlling law

has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Kelly's motion relies exclusively on the third leg—to succeed, he must show that "dispositive factual matters or controlling decisions were over looked by the court in reaching its prior decision." *Assisted Living Associates of Moorestown, LLC v. Moorestown Township*, 996 F. Supp. 409, 442 (D.N.J. 1998).

- Kelly makes the same argument in this reconsideration motion as he made in opposition to Reliance's motion to remand and his own cross-motion for summary judgment. He contends that Reliance did "*consider*" his claim for benefits under the "any occupation" standard, and the Court's finding that he was "entitled to receive the LTD benefits owed to him under the Plan" therefore encompassed such relief. This argument, once again, goes too far. Was Kelly's claim for "any occupation" benefits presented to Reliance, along with his claim for "regular occupation" benefits? Yes. Did Reliance *decide* whether Kelly was entitled to benefits under the "any occupation" standard? No, it indisputably did not. These findings formed the basis for the Court's order to remand, and Kelly identifies no facts that the Court overlooked in connection with that analysis. *See Russell v. Levi*, 2006 WL 2355476, at *1 (D.N.J. Aug. 15, 2006) (Wolfson, J.) ("The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule.") (internal citations omitted).

- The Court has already ruled on the legal and factual issues now presented—that Kelly disagrees with the manner in which those questions were resolved is of no moment under L. Civ. R. 7.1(i).

3

*See Krishanthi v. Rajaratnam*, 2011 WL 1885707, at *1 (D.N.J. May 18, 2011) (Cavanaugh, J.) ("It is improper on a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through—rightly or wrongly.") (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Kelly's motion for reconsideration [D.E. 188] therefore is **denied**.

**SO ORDERED** this 31st day of August, 2015

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.
